## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF DELAWARE, EX. REL. WEIH CHANG | ) ) ) ) |
| Plaintiff, | ) ) ) Civ. No. 15-442-SLR |
| v. | ) ) |
| CHILDREN'S ADVOCACY CENTER OF DELAWARE, | ) ) ) ) |
| Defendant. | ) ) |

Katherine R. Witherspoon, Esquire, Paula C. Witherow, Esquire, and Anthony N. Delcollo, Esquire of Cooch and Taylor, P.A., Wilmington, DE.  Counsel for Plaintiff.

Gary H. Kaplan, Esquire and Art C. Aranilla, Esquire of Marshall Dennehey Warner Coleman & Goggin, Wilmington, DE.  Counsel for Defendants.

### MEMORANDUM OPINION

Dated:  February 𝟤-, 2017
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On June 1, 2015, Weih Chang ("plaintiff") filed an action pursuant to the federal False Claims Act, 31 U.S.C. § 3729 et seq., and the Delaware False Claims and Reporting Act, 6 Del. C. § 1201 et. seq., against the Children's Advocacy Center of Delaware ("defendant"). (D.I. 1) In response to defendant's motion to dismiss for failure to state a claim, plaintiff requested leave to file an amended complaint. (D.I. 27) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and 31 U.S.C. § 3732.

## II. BACKGROUND

### A. Factual Background

Defendant provides assistance for victims of child abuse by working with Delaware law enforcement agencies to investigate and prosecute individuals who victimize children. (D.I. 2 at ¶ 13) As a Child Advocacy Center ("CAC"), defendant must be accredited by the National Children's Alliance ("NCA"). (D.I. 2 at ¶¶ 14-15) Both the NCA accreditation guidelines and Delaware state law require CACs to adopt a Multi-Disciplinary Team ("MDT") approach for its operations. (D.I. 2 at ¶¶ 17, 26) Delaware state law also requires that defendant use a MDT approach in order to be eligible for state funding. (D.I. 2 at ¶ 22)

Plaintiff alleges that defendant misrepresented its adoption of a MDT approach for all reported abuse cases. (D.I. 2 at ¶ 29) Specifically, plaintiff alleges that defendant falsely reported in its marketing materials that it adopted a MDT approach in **all** abuse cases. (D.I. 2 at ¶¶ 24-25) Plaintiff also alleges that defendant supported its funding request with information that it utilized a MDT approach in all cases and that funds

1

would be used to hire additional mental health staff.  (D.I. 2 at ¶¶ 46, 51)  In response to this request, the State of Delaware designated defendant as a recipient of federal funding, and defendant was allocated $55,800 per year.  (D.I. 2 at ¶ 29, 48)

In support of the allegations against defendant, plaintiff indicates several instances when child abuse or neglect was reported to defendant and it failed to include all members of the MDT in the investigation.  (D.I. 2 at ¶ 31)  For instance, in September of 2008, a twelve year old female reported abuse from her physician.  (D.I. 2 at ¶ 33)  Defendant interviewed the child, but a prosecutor was not present at the interview, nor was the child sent for a medical examination.  (D.I. 2 at ¶ 33)  Similar incidents occurred on December 9 and 12, 2008, and there is no record that a prosecutor or medical professional was present for any interviews, nor were the victims sent for a medical examination.  (D.I. 2 at ¶ 34-35)

In addition to the events occurring in 2008, three additional incidents occurred on or around October 22, 2013.  (D.I. 2 at ¶ 37-41)  In two of the cases, an employee of defendant concluded that the children were lying; however, the employee did not refer the case to a mental health professional nor was a prosecutor, mental health professional, or child protection services representative present at the interview.  (D.I. 2 at ¶ 37-40)  In the third case, a ten year old autistic male was interviewed without a prosecutor, mental health professional, or child protection services representative present.  (D.I. 2 at ¶ 41)  Lastly, plaintiff alleges that three interviews that took place between July 1, 2013 and June 30, 2014 were not conducted by a MDT, despite defendant reporting that they followed MDT protocol.  (D.I. 2 at ¶ 42)

## B. Procedural Background

On June 1, 2015, plaintiff filed a complaint alleging violations of the federal False Claims Act and the Delaware False Claims and Reporting Act. (D.I. 2 at 1) On March 3, 2016, the United States declined to intervene in the civil action, but plaintiff was permitted to continue the civil case in the name of the United States pursuant to 31 U.S.C. § 3730. (D.I. 10 at 1) The State of Delaware subsequently declined to intervene on April 21, 2016. (D.I. 12 at 1)

Defendant filed a motion to dismiss for failure to state a claim on June 15, 2016. (D.I. 20 at 1) Plaintiff filed his response to defendant's motion on July 20, 2016. (D.I. 24 at 1) Plaintiff then filed a motion for leave to file an amended complaint on October 28, 2016 pursuant to Federal Rule of Civil Procedure 15(a)(2). (D.I. 27 at 1) The amendment proposes to introduce data demonstrating defendant's failure to implement a MDT approach in all of its cases. (D.I. 27 ¶ 57) The provided data indicates that the number of interviews conducted by defendant increased, while the number of medical examinations performed on interviewees has declined, allegedly demonstrating that defendant failed to follow a MDT approach. (D.I. 27 ¶ 57)

Defendant responded to plaintiff's motion on November 8, 2016. (D.I 28 at 1) Defendant opposes the motion on the grounds that it (1) is untimely, (2) is futile because the complaint continues to fail to state a claim for relief, and (3) represents plaintiff's attempt to attack defendant. (D.I. 28 ¶ 1) Despite defendant's claims, plaintiff argues that the motion should be granted because the data was not available to him at the time the initial complaint was filed. (D.I. 27 ¶ 6)

3

## III. STANDARD OF REVIEW

A party may amend a pleading once as of right before a responsive pleading is filed. Fed. R. Civ. P. 15(a). Once the time for amendment as of right has passed, the decision to grant leave to amend rests within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend a complaint shall be freely given when justice requires. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Amendment is not automatic, but should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman*, 371 U.S. at 182. Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

## IV. DISCUSSION

Because the deadline for plaintiff to file an amended complaint pursuant to Fed R. Civ. P. 15(a) has passed, the decision to grant or deny the motion rests with the court. *Foman*, 371 U.S. at 178. After careful consideration, the court will grant the motion for leave to amend. Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party..., futility of the amendment, etc.," none of which apply in the present case. *Id.* at 182.

In the first instance, plaintiff proposes to include factual information that was not available to him at the time the initial complaint was filed. (D.I. 27 ¶ 57) This data

supports his claim and does not indicate any showing of bad faith or dilatory motives. *Foman* at 182. Second, because this is plaintiff's first amendment request, there has not been a repeated failure to cure deficiencies in prior amendments. *Id.* Third, because this matter has not begun discovery, there is no undue prejudice to defendant as a result of granting the motion. Defendant has not expended resources beyond filing responses to the initial complaint and subsequent motions. Finally, because plaintiff has already drafted the proposed amendment, and discovery has not begun, granting the motion will not create an undue delay in the proceeding. *Id.*

## V. CONCLUSION

For the aforementioned reasons, plaintiffs' motion for leave to amend (D.I. 27) is granted.[1] An appropriate order shall issue.

United States District Judge

---

[1] For the foregoing reasons, defendant's motion to dismiss (D.I. 20) is denied as moot.