IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA AND )
STATE OF DELAWARE, EX REL. )
WEIH CHANG, )
)
Plaintiff, )
)
v. ) Civil Action No. 15-442-GMS
)
CHILDREN'S ADVOCACY CENTER OF )
DELAWARE, )
)
Defendant. )

**MEMORANDUM**

I. **INTRODUCTION**

On June 1, 2015, Plaintiff, United States of America and State of Delaware, *ex rel.* Weih Chang ("Relator") filed this *qui tam* action pursuant to the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and the Delaware False Claims and Reporting Act ("DFCA"), 6 Del. C. § 1201 *et seq.*, against Children's Advocacy Center of Delaware ("CAC"). (D.I. 2.)[1] CAC filed a Motion to Dismiss for failure to state a claim on June 15, 2016 (D.I. 20) and Relator filed a Motion for Leave to file an Amended Complaint. (D.I. 27.) The court granted the Motion to Amend the Complaint, rendering CAC's first Rule 12(b)(6) Motion moot. (D.I. 30.) Presently before the court is CAC's Motion to Dismiss Relator's Amended Complaint (D.I. 32, 34.)

For the reasons discussed below, the court will grant Defendant's motion in-part and deny it in-part.

---

[1] On March 3, 2016, the United States declined to intervene in the civil action, but plaintiff was permitted to continue the civil case in the name of the United States pursuant to 31 U.S.C. § 3730. (D.I. 10 at 1.) The State of Delaware subsequently declined to intervene on April 21, 2016. (*Id.*)

## II. BACKGROUND

CAC provides assistance for victims of child abuse by working with Delaware law enforcement agencies to investigate and prosecute individuals who victimize children. (D.I. 32 at ¶ 18.) As a Child Advocacy Center, CAC must be accredited by the National Children's Alliance ("NCA"). (D.I. 32 at ¶¶ 14–15.) Both the NCA accreditation guidelines and Delaware state law require Child Advocacy Centers to adopt a Multi–Disciplinary Team ("MDT") approach for its operations. (D.I. 32 at ¶ 19.) Delaware state law requires that CAC use an MDT approach to be eligible for state funding. (D.I. 32 at ¶ 21.)

Relator alleges that CAC misrepresented its adoption of an MDT approach for all reported abuse cases. (D.I. 32 at ¶ 22.) Specifically, Relator alleges that CAC falsely reported in its marketing materials that it adopted an MDT approach in all abuse cases. (*Id.* at ¶¶ 24–25.) Relator also contends that CAC supported its funding request with information that it utilized an MDT approach in all cases and that funds would be used to hire additional mental health staff. (*Id.* at ¶ 46.) In response to this request, the State of Delaware designated CAC as a recipient of federal funding, and defendant was allocated $55,800 per year. (*Id.* at ¶ 48.)

In support of the allegations against CAC, Relator indicates several instances when child abuse or neglect was reported to defendant and it failed to include all members of the MDT in the investigation. (D.I. 32 at ¶ 31.) For example, in September of 2008, a twelve year old female reported abuse from her physician. (*Id.* at ¶ 33.) CAC interviewed the child, but a prosecutor was not present at the interview, nor was the child sent for a medical examination. (*Id.*) Similar incidents occurred on December 9 and 12, 2008, and there is no record that a prosecutor or medical professional was present for any interviews, nor were the victims sent for a medical examination. (*Id.* at ¶ 34–35.)

2

In addition to the events occurring in 2008, three additional incidents occurred on or around October 22, 2013. (*Id.* at ¶ 37–41.) In two of the cases, an employee of CAC concluded that the children were lying. (*Id.*) However, the employee did not refer the case to a mental health professional and no prosecutor, mental health professional, or child protection services representative was present at the interview. (*Id.*) In the third case, a ten year old autistic male was interviewed without a prosecutor, mental health professional, or child protection services representative present. (*Id.* at ¶ 41.) Lastly, plaintiff alleges that three interviews that took place between July 1, 2013 and June 30, 2014 were not conducted by an MDT, despite defendant reporting that they followed MDT protocol. (*Id.* at ¶ 42.)

Relator brings this action alleging claims under (1) the FCA; (2) the DFCA; and (3) unjust enrichment.[2] CAC filed a Motion to Dismiss for Failure to State a Claim in which it argues that Relator's Amended Complaint fails to satisfy the pleading standards for all claims. For the reasons that follow, the court will deny the Motion for claims under the FCA and DFCA, but grant the Motion for allegations of unjust enrichment.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Plaintiffs must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] Plaintiff also alleges a claim under the Delaware False Claims and Reporting Act, 6 Del. C. § 1201(a)(1). (D.I. 32 at 12-18.) However, Defendant does not address this claim in its brief. Therefore, the court will not address it.

3

570 (2007). This requirement of plausibility is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 545.

## IV. DISCUSSION

CAC claims Relator's Amended Complaint fails to (1) meet the pleading standards required to bring a FCA claim; (2) fails to plead all the necessary elements for unjust enrichment (D.I. 35 at 14); and (3) fails to plead fraud with particularity. (D.I. 35 at 14.) CAC also asserts that the court should not exercise supplemental jurisdiction over the DFCA claim (D.I. 35 at 10-13.) The court will address each contention in turn.

### A. False Claim Act

Defendant first claims that Relator failed to adequately allege the necessary elements of its False Claim Act ("FCA") claims. (D.I. 35 at 10.) To establish a prima facie FCA violation under § 3729(a)(1), Plaintiff must prove "(1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Wilkins v. United Health Group*, 659 F.3d 295, 305 (3d Cir. 2011). In examining whether the above elements are properly pled, the court looks to whether the "allegations raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

4

CAC declares that they never expressly represented that they conduct interviews for every child. (D.I. 37 at 10.) Defendant further asserts that Relator did not prove that CAC had actual knowledge, which constitutes fraud under *United States ex rel. Washington v. Education Management Corp.*, 871 F. Supp 2d 433, 452 (W.D. Pa. 2012). Under the FCA, however, proving the intent to defraud does not "require [proof of] specific intent." 31 U.S.C. § 3792(B)(1)(B). Defendant cites to no other authority in support of this assertion. (D.I. 35 at 11.) Relator's Amended Complaint provides specific details about how CAC has knowledge and information about MTD protocol violations. (D.I. 32 at ¶ 57.) Specifically, Relator demonstrates that CAC possesses audio and video recordings of all MDT interviews that occurred on its premises. (*Id.*) Relator additionally alleges that CAC employees deliberately and knowingly misrepresented compliance with NCA standards when asserting it employs an MDT approach. (*Id.*) Thus, the court concludes that Relator's Amended Complaint contains averments sufficient to withstand CAC's Motion to Dismiss.

### B. DFCR Claims

Under 28 U.S.C. § 1367, a district court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

CAC asserts that the court may decline to exercise jurisdiction if the federal claims giving rise to original jurisdiction have been dismissed. 1367(c); *see Whittaker v. Cty. of Lawrence*, 437 Fed. Appx. 105, 109-10 (3d Cir. 2011) (D.I. 35 at 13.) Relator argues that the court may exercise jurisdiction under the statute if it chooses to because the court has original jurisdiction. The court agrees with Relator. The DFCA claims survive a Motion to Dismiss because the operative facts

5

giving rise to the claims under the DFCA are related to those alleged regarding liability under the FCA and Relator has properly stated a claim under the FCA. (D.I. 36 at 10.) Therefore, the court concludes that Relator's claim under the DFCA is sufficient to withstand a Rule 12(b)(6) Motion to Dismiss.

### C. Unjust Enrichment

Unjust enrichment is defined as "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Resnik v. Woertz*, 774 F. Supp. 2d 614, 633–34 (D. Del. 2011) (citing *Tolliver v. Christina Sch. Dist.*, 564 F.Supp.2d 312, 315 (D. Del. 2008)). To establish a claim for unjust enrichment, a plaintiff must show: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *Jackson Nat'l Life Ins. Co. v. Kennedy,* 741 A.2d 377, 393 (Del.Ch.1999). A claim of unjust enrichment requires the plaintiff to show that "the party against whom recovery is sought either wrongfully secured or passively received the benefit that would be unconscionable for the party to retain without compensating the provider." *Ankerstjerne v. Schlumberger, Ltd.*, 155 Fed. Appx. 48, 52 (3d Cir. Pa. Sept. 1, 2005); *United States v. American Elevator Co.*, 1989 WL 11216 (E.D. Pa. Feb. 8, 1989) (denying motion to dismiss FCA or unjust enrichment claim).

CAC contends that under either Federal or Delaware law a claim for unjust enrichment will not be recognized if a legal remedy exists. (D.I. 35 at 14.) CAC maintains that Plaintiff has failed to plead the elements of unjust enrichment because he simply incorporates the FCA false claim allegations into those counts. (D.I. 35 at 14; 32 at ¶¶ 74, 78.)

6

Relator counters that the complaint adequately pleads the elements of unjust enrichment. Relator, however, fails to establish the fifth requirement, that absent an unjust enrichment claim it will have no remedy to recover the benefit of which they were wrongfully deprived. *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010). Here, Relator has properly pled a remedy at law under the FCA. Therefore, the court will grant the Defendant's Motion to Dismiss the unjust enrichment claims.

### D. Fraud

Finally, Defendant argues that Relator has failed to plead fraud with particularity as required under Fed. R. Civ. P. 9(b). (D.I. 35 at 14.) Relator, however, states that it "has not pled a common law fraud cause of action." (D.I. 36 at 11.) Therefore, the court need not address CAC's Motion as to fraud.

### IV. CONCLUSION

For the foregoing reasons, the court will grant Defendant's Motion as to Plaintiff's allegations of unjust enrichment but deny the Motion as to the FCA claim.

Dated: September 20, 2017

UNITED STATES DISTRICT COURT