IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF DELAWARE, EX REL. WEIH CHANG,<br><br>      Plaintiffs,<br><br>  v.<br><br>CHILDREN'S ADVOCACY CENTER OF DELAWARE<br><br>      Defendant. | Civ. Action No. 15-442-GMS |

## DELAWARE'S MOTION TO DISMISS UNDER 6 DEL. C. § 1204(b)

           **MATT Denn**
           **Delaware Attorney General**

           **By: Edward K. Black (I.D. #5302)**
              **Deputy Attorney General**
              **Department of Justice**
              **State Office Building**
              **820 N. French Street, 6th Floor**
              **Wilmington, Delaware 19801**
              **(302) 577-8400**

**Dated: April 23, 2018**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I. NATURE AND STAGE OF THE PROCEEDINGS .........................................................1

II. SUMMARY OF THE ARGUMENT...................................................................................1

III. STATEMENT OF FACTS AND STATUTORY BACKGROUND ..................................2

   A. False Claims Act Background................................................................................2

   B. Chang's Complaint and the State's Investigation ..............................................3

IV. ARGUMENT..........................................................................................................................4

   A. The State Has Unfettered Discretion to Dismiss the DFCRA Claims ..............5

   B. Dismissal is Warranted Even Under a Rational Relation Test..........................6

CONCLUSION..............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Chang v. Strine,* No. 16-1050, 2018 WL 1605144 (D. Del. Apr. 3, 2018) ...................................... 8

*Heckler v. Chaney,* 470 U.S. 821 (1985) .................................................................................... 5

*Swift v. United States,* 318 F.3d 250 (D.C. Cir. 2003) ........................................................ passim

*United States ex rel. Nasuti v. Savage Farms, Inc.,* No. 12-30121, 2014 WL
   1327015 (D. Mass. Mar.27, 2014). ..................................................................................... 8, 9

*United States ex rel. Ridenour v. Kaiser-Hill Company, L.L.C.,* 397 F.3d 925 (10th
   Cir.) ................................................................................................................................... 3, 6

*United States ex rel. Sequoia Orange Co. v. Baird-Neece packing Corp.,* 151 F.3d
   1139 (9th Cir. 1998) ........................................................................................................ passim

*United States ex rel. Stevens v. State of Vermont Agency of Natural Res.,* 162 F.3d
   195 (2d Cir. 1998), *rev'd on other gnds.,* 529 U.S. 765 (2000) ..................................................... 4

*Universal Health Servs., Inc. v. United States ex rel. Escobar,* 136 S. Ct. 1989
   (2016) .................................................................................................................................. 4

**Statutes and Regulations**

31 U.S.C. § 3729 ........................................................................................................................ 1

31 U.S.C. § 3730 ............................................................................................................... passim

6 *Del. C*. § 1201 ........................................................................................................................ 1

6 *Del. C*. § 1203 ........................................................................................................................ 2

6 *Del. C*. § 1204 ............................................................................................................... passim

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Weih Chang ("Relator" or "Chang") filed this *qui tam* action under the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and the Delaware False Claims and Reporting Act ("DFCRA"), 6 *Del. C.* §§ 1201 *et seq.,* against Defendant Children's Advocacy Center of Delaware (DE CAC).  (D.I. 2, 32.)

The United States and the State of Delaware (the "State") declined to intervene.  (D.I. 10, 15.)  Chang proceeded with the case under 31 U.S.C. § 3730(b)(4)(B) and 6 *Del. C.* § 1204(d).  On June 15, 2016, Defendant DE CAC moved to dismiss for failure to state a claim.  On February 2, 2017, Chang filed an Amended Complaint (D.I. 27, 32), and the court denied DE CAC's motion to dismiss as moot (D.I. 30, 31).  Two weeks later, DE CAC moved to dismiss the Amended Complaint for failure to state a claim.  (D.I. 34.)  On September 20, 2017, the Court granted the motion in part and denied it in part, allowing the FCA claims and DFCRA claims to proceed.  (D.I. 38.)

The State now seeks to exercise its authority to dismiss the DFCRA claims, pursuant to 6 *Del. C.* § 1204(b), because the remote potential for recovery does not warrant the expenditure of scarce government resources the State will shoulder should those claims continue.

## II.     SUMMARY OF THE ARGUMENT

Under 6 *Del. C.* § 1204(b), the State retains the discretion to dismiss *qui tam* actions brought on its behalf.  The statute sets forth the procedure:  the State must file a motion to dismiss the action, and the Court must provide Chang with an opportunity to be heard on the State's motion before the dismissal is ordered.

### III.     STATEMENT OF FACTS AND STATUTORY BACKGROUND

#### A.     False Claims Act Background

There is a paucity of cases analyzing the DFCRA: Delaware courts often look to FCA jurisprudence for interpretative guidance.[1]  The DFCRA's timeframes are identical to those of the FCA.

The "*qui tam*" provisions in the DFCRA provide a special means for the State to recover damages suffered as a result of fraud or false claims, through the assistance of private parties, known as "relators," (aka "whistleblowers") who file suit "for a violation of this chapter on behalf of the party bringing suit and for the government."  6 *Del. C.* § 1203(b)(1).

Under the DFCRA, a relator initially files his complaint under seal and serves it and a statement of evidence on the Delaware Department of Justice ("DOJ").  6 *Del. C.* § 1203(b)(2).  The DOJ then has 60 days (and any extensions granted by the court) to investigate the allegations and elect whether or not to intervene in the litigation.  6 *Del. C.* § 1203(b)(2),(3).

If the State intervenes in the case, the government assumes "the primary responsibility for prosecuting the action," and is not bound by an act of the relator.  6 *Del. C.* § 1204(a).  The relator remains a party to the suit, but the government may settle the case over his objection (6 *Del. C.* § 1204(c)).

If the State declines to intervene in the case, the relator has the right to proceed with the action.  6 *Del. C.* § 1204(d); however, that right is circumscribed by a number of limitations designed to ensure that the State retains control over the declined action.  Most significantly for purposes of this motion, the DFCRA authorizes the State to dismiss a *qui tam* action over a

---

1 *State ex rel. French v. Card Compliant LLC*, 2015 WL 11051006 at *6 (Del.Super. Nov. 23,

relator's objection:

> The Department of Justice may dismiss the action notwithstanding the objections of the party initiating the action if the party has been notified by the Department of Justice of the filing of the motion and the court has provided the party with an opportunity for a hearing on the motion.

6 *Del. C.* § 1204(b)

### B. Chang's Complaint and the State's Investigation

Chang's DFCRA claims are set forth in Counts III and IV of the Amended Complaint. (D.I. 32.) In short, Chang alleges that Defendant DE CAC violated the DFCRA by making false statements regarding DE CAC's use of a Multi-Disciplinary Team ("MDT") approach to child abuse investigation and treatment. (*Id.*) Chang further alleges that the State relied on DE CAC's false assertions in its decisions to grant funds to the DE CAC. (*See, e.g.*, *id.* at ¶ 66, 70.)

The State has investigated Chang's allegations and found that they are factually incorrect and legally insufficient. Most significantly, the State has determined that the alleged failure of DE CAC to comply with MDT protocols was not material to decisions to pay any grant money that flowed to DE CAC. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002 (2016) ("[A] misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision in order to be actionable under the False Claims Act."). Without a showing of materiality, Chang cannot prevail on his DFCRA claims.

### IV. ARGUMENT

The State seeks to dismiss this action pursuant to its authority under 6 *Del. C.* § 1204(b),

---

2015).

3

which is identical in all material respects to its FCA counterpart, 31 U.S.C. § 3730(c)(2)(A).

The Third Circuit has not addressed the standard for dismissal of a *qui tam* action under 31 U.S.C. § 3730(c)(2)(A), but other Circuits have. In *Swift v. United States*, 318 F.3d 250 (D.C. Cir. 2003), the Court of Appeals for the District of Columbia Circuit held that § 3730(c)(2)(A) granted the government "an unfettered right to dismiss" a *qui tam* action. *Id.* at 252. Under this standard, the United States need not articulate its reasons for dismissal. Rather, once the United States determines that part or all of a *qui tam* action is contrary to the public interest and moves to dismiss, that is the end of the matter. The role of the trial court at that point is to grant the requested dismissal. *Id.* at 252-53; *cf. United States ex rel. Stevens v. State of Vermont Agency of Natural Res.*, 162 F.3d 195, 201 (2d Cir. 1998) ("The government is thus given ample authority, whether through settlement or dismissal, to bring the litigation to an early end, and although the *qui tam* plaintiff must be given a hearing, the court need not, in order to dismiss, determine that the government's decision is reasonable."), *rev'd on other grounds*, 529 U.S. 765 (2000).

The Ninth Circuit also recognizes that the Executive Branch has broad prosecutorial discretion to dismiss *qui tam* cases (even if the cases are meritorious) where the reasons for the dismissal are rationally related to a legitimate government interest. *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998). Building on *Sequoia*, the Tenth Circuit has concluded that it is enough if there are "plausible, or arguable, reasons" supporting the government's decision to dismiss. *Ridenour v. Kaiser Hill Co., L.L.C.*, 397 F.3d 928, 937 (10th Cir. 2003) (citing *Sequoia*, 912 F. Supp. 1325, 1341 (E.D. Ca. 1995)).

The standards used by all of these courts are extremely deferential, and recognize that the United States has broad discretion in deciding whether to dismiss a *qui tam* action. The State

submits that the District of Columbia Circuit's standard for dismissal under §3730(c)(2)(A) is the correct standard to apply to the State's motion one in Section A below. But as set forth in Section B, for purposes of this motion, the Court need not decide whether the standards posited by any of the other courts is correct, since the government's decision to dismiss the DFCRA claims meets both standards.

### A. The State Has Unfettered Discretion to Dismiss the DFCRA Claims.

In *Swift*, the government moved to dismiss a *qui tam* action pursuant to § 3730(c)(2)(A) on the ground that the expected recovery to the United States did not justify the expected burden on the United States if litigation continued. The district court dismissed the claim and the District of Columbia Circuit affirmed. 318 F.3d at 250-254.

The District of Columbia Circuit declined to adopt the rational relationship test adopted by the Ninth Circuit in *Sequoia Orange*. *Id.* at 252. The Court concluded that such a test was inconsistent with the general principle of separation of powers. The Court reasoned that "decisions not to prosecute, which is what the government's judgment in this case amounts to, are unreviewable." *Id.* Accordingly, the Court concluded that under § 3730(c)(2)(A), the government has an "unfettered right to dismiss an action." *Id.*; *see also id.* at 253 ("The decision whether to bring an action on behalf of the United States is . . . 'a decision generally committed to [the government's] absolute discretion' for the reasons spelled out in *Heckler v. Chaney*, 470 U.S. [821, 831 (1985)].").

The Court rejected the relator's argument that the reference to a hearing in § 3730(c)(2)(A) confers authority on the trial court to review the government's decision to dismiss, or requires the government to articulate a reason for its dismissal. The Court concluded that the function of a

5

hearing, if requested by a relator, "is simply to give the relator a formal opportunity to convince the government not to end the case." *Id.* at 253.

The State submits that the standard for dismissal under § 3730(c)(2)(A) adopted in *Swift* is correct. Consistent with *Swift*, this Court should rely upon guiding federal jurisprudence and dismiss the DFCRA claim.

### B. Dismissal is Warranted Even Under a Rational Relation Test.

Even if the rational relation test articulated in *Sequoia Orange* is applied, the test is easily met here. In *Sequoia Orange*, a case decided prior to *Swift*, the Ninth Circuit held that dismissal under § 3730(c)(2)(A) was warranted if the government could articulate a rational reason for dismissal. Specifically, the Ninth Circuit described its test as follows:

> A two-step analysis applies [ ] to test the justification for dismissal: (1) identification of a valid government purpose; and (2) a rational relation between dismissal and accomplishment of the purpose. If the Government satisfies the two-step test, the burden switches to the relator 'to demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal.'

151 F.3d at 1145 (quoting *Sequoia*, 912 F. Supp. at 1347).

The valid government purpose under step (1) is conservation of scarce government resources. It would be an unnecessary and inefficient use of government resources to allow this matter to continue under the DFCRA. Even in cases the State declines, as a real party in interest, the State frequently incurs costs to respond to discovery, to monitor developments in the case and participate in motions, as needed, on an amicus basis to protect the State's general interest in the development of the law, and resolution of the specific case at hand. These activities not only have a direct monetary cost, but also divert scarce resources from other matters.

6

Indeed, when it comes to Chang, the State's concern about the drain on its resources is well-founded. As this Court has noted, since 2015, Chang has instituted numerous frivolous actions against DE CAC and others, all of which apparently stem from his loss in a child custody dispute with his ex-wife:

- *Chang v. Mayo*, C.A. No. 15-901 SLR (D. Del.) (sealed complaint against State Family Court Commissioner Jennifer L. Mayo, alleging judicial misconduct; case voluntarily dismissed after Plaintiff's request for a stay was denied);

- *Chang v. State of Delaware, et al.*, C.A. No. 15-963 LPS (D. Del.) (seven count complaint against Delaware Department of Services for Children, Youth and Their Families, DE CAC, City of Wilmington and others, relating to child custody issues; dismissed and appealed, *pro se*);

- *Chang v. Bradley, et al.*, C.A. No. 16-1008 SLR (D. Del.) (claims against the State's Office of Management and Budget Pensions and Division of Revenue, asserting claims on behalf of alleged victims of child molestation and claiming that the State agencies are improperly paying pension benefits to a former state judge; motion to dismiss pending);

- *Chang v. Children's Advocacy Center of Delaware, Inc.*, C.A. No. 11632-VCS (Del. Ch.), *appeal dismissed*, 2017 WL 568350 (Del. Feb. 9, 2017) (complaint purportedly on behalf of child victims, alleging claims against numerous state officials, employees and state deputy attorneys general regarding alleged deficiencies in protecting children; case dismissed for failure to state a claim and lack of standing; appeal dismissed for failure to file an opening brief);

- *Chang v. Children's Advocacy Center of Delaware, Inc.*, C.A. No. K16C-07-020 (Del. Super), *appeal dismissed*, 2017 WL 1488760 (Del. Apr. 25, 2017) (72-page complaint asserting tort, contract, § 1983, and RICO claims against DE CAC and its executive director, physicians, State judicial officers, and State deputy attorneys general and employees; case dismissed; appeal dismissed for failure to file an opening brief);

- *Matter of Pet. of Chang for Writ of Mandamus*, No. 377-2016, 2016 WL 4382643 (Del. Aug. 18, 2016) (dismissing mandamus petition seeking arrest of former state judge);

- *Chang v. Mayo*, C.A. No. Nl5C-10-100 EMD, 2016 WL 3640260 (Del. Super. June 28, 2016) (as in federal case 15-901, alleging claims against Commissioner Mayo; dismissed due to absolute judicial immunity, lack of a private right of action, and sovereign immunity);

- *Matter of Pet. of Chang for Writ of Mandamus*, 2016 WL 5899243 (Del. Aug. 18, 2016)

7

> (dismissing second mandamus petition seeking arrest of former Judge Bradley); and
>
> - *Chang v. Strine*, No. 16-1050, 2018 WL 1605144, (D. Del. Apr. 3, 2018) (dismissing civil rights claims against two Delaware Supreme Court Justices).

*See also Chang*, 2018 WL 1605144, at *3 n.2 (listing cases).  Chang has also moved to intervene in at least two other additional matters of which the government is aware:

- *Wright v. City of Wilmington*, No. 13-1966, D.I. 231 (D. Del.) (*pro se* motion to intervene in a class action alleging Fourth Amendment violations by the Wilmington Police Department); and

- *State of Delaware v. Laurel Delaware Congregation of Jehovah's Witnesses*, No. N14C-05-122 (Del. Super.) (*pro se* motion for joinder in a State enforcement action against a religious congregation).

It is apparent from the frivolous positions and actions taken by Chang in these numerous other cases that the government would need to devote substantial resources to monitor this case and to review and respond to Chang's discovery requests.

The avoidance of costs of litigation is a legitimate government objective, particularly where, as here, the government's investigation has determined that the allegations are legally insufficient.  *Sequoia*, 912 F. Supp. at 1346 ("Concerns about the burden on government resources are valid, even if relators assumed all of the expense of prosecuting the FCA cases."); *United States ex rel. Nasuti v. Savage Farms, Inc.*, No. 12-30121, 2014 WL 1327015, at *11 (D. Mass. Mar. 27, 2014) ("[L]itigation costs represent a valid government interest. . . . This is especially true in a case like this, the court finds, where the Government contends that Relator's claims lack merit."); *cf. Swift*, 318 F.3d at 254 (holding that the *Sequoia* standard was "easily" satisfied by the government's assertion that the dollar recovery was not large enough to warrant expending resources monitoring the case, complying with discovery requests, and so forth, and that spending time and effort on this case would divert scarce resources from more significant

cases.").

Under step (2), dismissal of this action is rationally related to the the State's legitimate interest in avoiding expenditure of scarce state resources on continued litigation in a meritless case. *Swift*, 318 F.3d at 254 (holding that dismissal of a *qui tam* suit furthers the government's "legitimate objective" of minimizing its expenses, even if the costs would be small).

Relator cannot meet his burden to demonstrate that the government's decision is "fraudulent, arbitrary and capricious, or illegal." *Sequoia*, 151 F.3d at 1145 (quoting 912 F. Supp. at 1347). Accordingly, dismissal under 6 *Del. C.* § 1204(b) is warranted.

**CONCLUSION**

While 6 *Del. C.* § 1204(b) requires the Court to afford Relator notice and a chance to be heard on this motion, there is no requirement for an evidentiary hearing.[2] Accordingly, the State respectfully requests that the Court grant its motion to dismiss the DFCRA claims pursuant to 6 *Del. C.* § 1204(b).

                    Respectfully Submitted:
                    MATT DENN, ATTORNEY GENERAL
                    State of Delaware

                    */s/ Edward K. Black*
                    Edward K. Black (#5032)
                    Deputy Attorney General
                    Delaware Department of Justice
                    820 N. French St., 6th Floor
                    Wilmington, DE 19801
                    (302) 577-8400
                    edward.black@state.de.us
Dated: April 23, 2018          *Counsel for State of Delaware*

---

[2] *Swift*, 318 F.3d at 253*; Nasuti*, 2014 WL 1327015, at *13.