**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA AND ) | |
| STATE OF DELAWARE, EX REL. ) | |
| WEIH CHANG, ) | |
| ) | |
| PLAINTIFFS, ) | C. A. No. 15-442 GMS |
| ) | |
| V. ) | |
| ) | |
| CHILDREN'S ADVOCACY CENTER OF ) | |
| DELWARE, ) | |
| ) | |
| DEFENDANT. ) | |

**BRIEF IN OPPOSITION TO THE UNTIED STATES' MOTION TO DISMISS AND THE STATE OF DELAWARE'S MOTION TO DISMISS**

OFFIT KURMAN, P.A.

G. Kevin Fasic, Esquire (3496)
Anthony N. Delcollo, Esquire (5688)
1201 N. Orange Street, Suitr 10 East
Wilmington, Delaware 19801
(302) 351-0903
adelcollo@offitkurman.com

May 8, 2018

TABLE OF CONTENTS

Table of Authorities………………………………………………………………………………..i

I.       Nature and Stage of the Proceedings……………………………………………………1

II.      Summary of the Argument……………………………………………………………...1

III.     Statement of Facts………………………………………………………………………1

IV.     Argument

          A.       The Court Should Adopt a Summary Judgement Standard and Deny the Motions to Dismiss……………………………………………………2

          B.       This Court Should not Adopt the "Unfettered Discretion" Standard…………..3

          C.       Dismissal is not Warranted Under the Rational Basis Test…………………….3

V.       Conclusion……………………………………………………………………………...5

## TABLE OF AUTHORITIES

Cases

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196
    (3d Cir. 1993)……………………………………………………………………..4

*United States ex rel. Fay v. Northrop Grumman Corp.*, 2008 U.S. Dist. LEXIS 24481,
    2008 WL 877180 (D. Colo. 2008)…………………………………………………..5

*United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.,* 151 F.3d 1139,
    1143 (9th Cir. 1998)…………………………………………………………………5

Statues and Regulations

Fed. R. Civ. Pro 56…………………………………………………………………………..4

I. NATURE AND STAGE OF THE PROCEEDINGS

The United States and the State of Delaware (hereinafter "Movants") fairly summarizes the proceedings to date. This is Weih Chang's (hereinafter "Relator") brief in opposition to the motions to dismiss filed by Movants. Both the State of Delaware and the United States have filed identical motions. This Response has been prepared to address the contentions raised by both Movants in their motions.

II. SUMMARY OF THE ARGUMENT

This Court should adopt the standard used by the Ninth Circuit Court of Appeals. This Court should deny the motions to dismiss because the "rational relationship" standard is not met. Relator's claims should be permitted to proceed.

III. STATEMENT OF FACTS

A. False Claims Act and Delaware False Claims and Reporting Act Backgrounds

Movants provide an accurate recitation of the noted sections of the False Claims Act (hereinafter "FCA") and the Delaware False Claims and Reporting Act (hereinafter "DFCRA").

B. Chang's Complaint and the Movants' Investigation

Relator disagrees with Movants' characterization of the legal and factual basis of his claims. Movants assert facts, namely that multidisciplinary team (hereinafter "MDT") protocol compliance was not a material factor to Movants' decisions to pay any grant money that flowed to Defendants Delaware CAC. For this reason, Movants assert that the claims should be dismissed. Movants' statements constitute an assertion of fact that is not referenced in or integral to the Complaint. Therefore, this Court should convert the instant motion to a motion for summary judgement, and adopt the appropriate standard.

IV.   ARGUMENT

    A.   The Court Should Adopt a Summary Judgement Standard and Deny the Motions to Dismiss

When a moving party produces material that is not integral to the Complaint, a motion to dismiss converts to a motion for summary judgement unless the excess material is excluded. Fed. R. Civ. Pro. 56(d). Generally, the court on a motion to dismiss should only consider allegations in the complaint, exhibits attached to the complaint, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Movants cite to an investigation respecting unknown facts and with unknown details. This material is outside of the Complaint, and it cannot fairly be considered to be referenced by the complaint. This Court should therefore adopt a summary judgement standard, and determine whether there are no material facts in dispute prior to granting the motion. Fed. R. Civ. Pro. Rule 56(a). Here, there are material facts in dispute, as relator has fairly alleged that there are material misrepresentations that gave rise to FCA and DFCRA claims. As Relator has no information regarding the investigations, this Court should rule that the motions to dismiss are premature. Relator should be permitted to conduct discovery or at least review the submission of any such investigatory information, in advance of providing a more substantive reply to a motion for summary judgment. Without more, a motion for summary judgment at this stage would be premature. Alternatively, the Court should reject the bare references to an investigation and a conclusion regarding the materiality requirement, and find that no information has been proffered to meet the governments' burden of demonstrating a rational relation to a legitimate purpose. Under these circumstances, this Court should deny Movants' request.

B.     This Court Should not Adopt the "Unfettered Discretion" Standard

The Court should permit review here under the rational basis test, as the actions of government should be reviewed in order to determine whether government actions are being taken in a manner consistent with general constitutional requirements. *See generally United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1143 (9th Cir. 1998). Government should not be permitted to act in a manner that is arbitrary or illegal. Some level of review as contemplated in *Sequoia Orange* would permit a check on such potential abuses. For reasons put forth more fully in the section below, this Court should adopt the standard articulated by the Ninth Circuit.

C.     Dismissal is not Warranted Under the Rational Basis Test

This Court should adopt the standard used by the Ninth Circuit and Tenth Circuits. *United States ex rel. Fay v. Northrop Grumman Corp.*, 2008 U.S. Dist. LEXIS 24481, *14, 2008 WL 877180 (D. Colo., Mar. 25, 2008). A hearing before the Court demonstrates that more than a meeting to permit relators with an opportunity to convince the United States or the State of Delaware of the merits of their claim should occur. If that were all that was required, the statute could have simply mandated a meeting or discussion directly with representatives of the United States or the State of Delaware. Given the fact that the Court is considering an act of government that is comparable to an administrative action in executing a statute's terms, the Court should find that it has proper authority to review said actions of government in applying the statute to determine whether, as applied, the government's actions have a rational relationship to a legitimate government purpose. Without any opportunity to review under the statute, there would be no way to check potential irrational or other improper actions.

3

Here, under the rational basis test, Relator should be permitted to pursue this action. There is no information offered to determine whether there is a rational relationship to a legitimate government interest. Although management of resources and avoidance of waste are legitimate government interests, without more information neither the Court nor Relator can address whether there is in fact a rational relationship between dismissal and the accomplishment of the purpose. There is no way to determine whether the governments have met their burden. The Court is left solely with conclusory assertions by Movants. Furthermore, the only information that the Court has regarding the governments' potential waste of resources is the presence in the record of Relator's successful efforts in litigating this matter. Given the lack of intervention and the fact that the Relator has born the full effort in this matter, the only evidence in the record demonstrates that the governments have presently deployed minimal resources. In these circumstances, this Court should deny the Movants' motions. There is presently no way for the government to demonstrate that this matter will become a drain on government resources.

In reference to the investigation, Movants asserts that Relator's case is weak because use of the MDT was not a material consideration for the governments in providing funding to Defendant Delaware CAC. Movants have provided no information respecting this investigation, and so it is impossible for Relator to respond to this assertion. However, contrary to what is asserted by Movants, it does appear that Defendant is eligible for certain funding due to its status as a Children Advocacy Center that serves to coordinate efforts between actors in responding to child abuse through the use of a multidisciplinary team approach. According to the National Children's Alliance Guidelines, accreditation as a CAC requires the use of the MDT approach, and the use of the MDT approach is a central component of CAC's requests for support and funding. Without more, this Court should rule in favor of Relator and find that the motions to

dismiss—which are in essence motions for summary judgement— are not proper at this stage in the litigation.

Movants' reliance upon Relator's activities in other litigation is irrelevant and should not be considered by this Court in determining whether Movants have met their burden. It is simply not germane to the instant action. In addition, to the extent that the Court does consider other litigation than what is presently before the Court, Relator notes that all litigation but a single action was brought pro se, and that all actions were brought in good faith to address perceived injustices in how children are dealt with in the context of our society's response to child abuse. Nonetheless, Relator urges this Court to simply disregard assertions regarding extraneous litigation. Presently, this matter has survived two motions to dismiss, pursuant to Relator's efforts. At this juncture, Relator has merely successfully defended against these motions and engaged in alternative dispute resolution. Relator has not taken actions within the course of this litigation that will result in a drain on government resources, and he has not taken action within the course of this case that could reasonably cause one to conclude that such behavior will occur.

V. CONCLUSION

For the foregoing reasons, Relator respectfully requests that this Court deny Movants' motions to dismiss, and permit Relator to continue with the prosecution of claims brought pursuant to the False Claims Act and Delaware False Claims and Reporting Act.

                                                                       Respectfully submitted,

                                                                       OFFIT KURMAN, P.A.

                                                                       /s/ *Anthony N. Delcollo*
                                                                       G. Kevin Fasic, Esquire (3496)
                                                                       Anthony N. Delcollo, Esquire (5688)
                                                                       1201 N. Orange Street, Suite 10 East
                                                                       Wilmington, DE 19801
                                                                       (302) 351-0903
                                                                       adelcollo@offitkurman.com

Dated: May 8, 2018