# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA AND ) <br> STATE OF DELAWARE, EX REL. ) <br> WEIH CHANG, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> CHILDREN'S ADVOCACY CENTER ) <br> OF DELAWARE, ) <br>   ) <br> Defendant. ) | C. A. No. 15-442 (GMS) |

## MEMORANDUM

On June 1, 2015, Plaintiff, United States of America and State of Delaware, *ex rel.* Weih Chang ("Relator") filed this *qui tam* action pursuant to the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and the Delaware False Claims and Reporting Act ("DFCA"), 6 Del. C. § 1201 *et seq.*, against Children's Advocacy Center of Delaware ("CAC"). (D.I. 2.)[1] On April 9, 2018, the United States of America filed a motion to dismiss based upon 31 U.S.C. § 3730(c)(2)(A), and the State of Delaware filed a motion to dismiss pursuant to 6 Del. C. § 1204(b) (D.I. 46, 49). On April 23, 2018, Relator's counsel ("Counsel") filed a motion to withdraw as counsel (D.I. 51) that was denied. On May 14, 2018, the court granted the motions to dismiss (D.I. 56, 57). Relator then filed multiple motions *pro se*, including a request for the court to reconsider its dismissal, require Counsel to continue their legal representation of Relator, and grant leave to file a second amended complaint and joinder of Edward Scot Husbands (D.I.

---

[1] On March 3, 2016, the United States declined to intervene in the civil action, but plaintiff was permitted to continue the civil case in the name of the United States pursuant to 31 U.S.C. § 3730. (D.I. 10 at 1.) The State of Delaware subsequently declined to intervene on April 21, 2016. *(Id.)*

58, 59, 60, 62). Counsel renewed their motion to withdraw on June 12, 2018 (D.I. 63), and CAC moved to strike the *pro se* motions (D.I. 65).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The court has once again reviewed the filings in this matter and finds that the plaintiff has failed to demonstrate any grounds for reconsideration. Therefore, the court will deny the motion for reconsideration (D.I. 58). In addition, the court will grant in part and deny in part the motion to strike (D.I. 65). Relator was represented by counsel at the time of the June 4, 2018 filings

2

(D.I. 59, 60, 61, 62), and the motions will be stricken. Finally, the court will grant the renewed motion to withdraw (D.I. 63).

Dated: June 14, 2018

_____
UNITED STATES DISTRICT JUDGE