IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF DELAWARE ex rel. WEIH CHANG, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-442(MN) |
| | ) | |
| CHILDREN'S ADVOCACY CENTER OF DELAWARE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

Weih Chang – Pro Se Plaintiff

Thomas J. Gerard, Jack L. Gruenstein, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, Wilmington, DE – Attorneys for Children's Advocacy Center of Delaware

Kathleen Jennings, State of Delaware, Edward K. Black, Deputy Attorney General, Wilmington, DE – Attorneys for State of Delaware

David c. Weiss, United States Attorney, Dylan J. Steinberg, Assistant United States Attorney – Wilmington, DE – Attorneys for the United States of America

Edward Scot Husbands – Pro Se Movant

July 27, 2020
Wilmington, Delaware

1

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE**

On June 1, 2015, Plaintiffs United States of America and State of Delaware, ex rel. Weih Steve Chang ("Chang") filed this *qui tam* action pursuant to the Federal False Claims Act, 31 U.S.C. § 3729, *et seq*., and the Delaware False Claims and Reporting Act, 6 Del. C. § 1201, *et seq*., against Defendant Children's Advocacy Center of Delaware ("CAC").   (D.I. 2).   When Chang filed the action, the case was assigned to United States District Court Judge Gregory M. Sleet, who retired from the bench on September 28, 2019.   Chang was represented by counsel when he commenced this action.

## I.    BACKGROUND

On March 3, 2016, the United States declined to intervene in the civil action, but Chang was permitted to continue the civil case in the name of the United States pursuant to 31 U.S.C. § 3730.   (D.I. 10 at 1).   On April 21, 2016, the State of Delaware also declined to intervene. (D.I. 14).    On April 23, 2018, Chang's attorney filed a motion to withdraw as counsel.   The motion was denied without prejudice to renew.   (D.I. 51).

On May 14, 2018, the Court granted motions to dismiss filed by the United States and the State of Delaware.   (D.I. 56, D. I. 57).   On June 12, 2018, Chang filed a *pro* se notice of appeal. (D.I. 64).   Chang also filed several motions *pro se*, including a request for this Court to reconsider its dismissal, a motion to require Chang's attorneys to continue their legal representation, a motion for leave to file a second amended complaint, and a motion for the joinder of Edward Scot Husbands.   (D.I. 58, D.I. 59, D.I. 60, D.I. 62).   Chang's attorneys renewed their motion to withdraw on June 12, 2018 and CAC moved to strike the *pro se* motions filed by Chang.   (D.I. 63, D.I. 65).   On June 18, 2018, the Court denied the motion for reconsideration, granted in part and

denied in part the motion to strike, struck the motions at Docket Items 59, 60, 61, and 62, and granted the renewed motion to withdraw as counsel.   (*See* D.I. 67, D.I. 68).

While the appeal was pending, Chang filed a motion to vacate asking the Court "to withdraw its previous orders or judgements . . . due to an undisclosed and disqualifying conflict of interest of former Chief Judge Gregory M. Sleet."   (D.I. 70 at 1).   The case was reassigned to me on July 17, 2019.   On July 29, 2019, the motion to vacate was denied for lack of jurisdiction.   (D.I. 74).   On September 19, 2019, the United States Court of Appeals for the Third Circuit affirmed the decisions and orders of Judge Sleet granting the motions to dismiss.[1]   (*See* D.I. 75-2).   On September 12, 2019, the Third Circuit denied as moot Chang's motion to stay appeal, for partial remand of bringing the issue of conflict of interest before the District Court.   (*See* D.I. 77-2 at 15).   On December 20, 2019, the Third Circuit denied Chang's petition for a rehearing en banc.[2]

On January 24, 2020, Chang filed a motion for leave to refile the motion to vacate on the grounds that this Court had a duty to enforce 28 U.S.C. § 455 and has the power to do this under the All Writs Act, 28 U.S.C. § 1651(a), and more specifically coram nobis.   (D.I. 76 at 1).   Chang states that for "federal civil cases Congress restructured the writ of coram nobis relief into Rule 60

---

[1]     The mandate issued October 4, 2019.   (D.I. 75 at 2).

[2]     On March 26, 2020 Chang filed a petition for writ of certiorari before the United States Supreme Court, Case No. 19-1312 that was placed on the Supreme Court docket on May 22, 2020.   The matter has been distributed for the September 29, 2020 Conference. Although the timely filing of a notice of appeal generally divests the district court of jurisdiction over matters involved in the appeal, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), Chang's petition for a writ of certiorari filed with the United States Supreme Court does not automatically divest this court of jurisdiction over this case because it is not a notice of appeal and it is not yet known whether the Court will grant the petition.   *See Barbato v. Crown Asset Mgmt. LLC*, No. CV 3:13-2748, 2019 WL 1922083, at *1 (M.D. Pa. Apr. 30, 2019) (citations omitted).

of the Federal Rules of Civil Procedure."[3]   (*Id*.).   The Court construes the motion as one seeking relief under Fed. R. Civ. P. 60(b).   Edward Scot Husbands ("Husbands")[4] moves to join the motion for leave to refile the motion vacate the judgment of the Court.   (D.I. 81).   CAC, the State of Delaware, and the United States oppose the renewed motion to vacate.   (D.I. 77, D.I. 78, D.I. 80).

## II.   <u>PROCEEDING PRO SE</u>

Chang's attorneys have withdrawn from this case, he has not retained counsel, and he proceeds *pro se*.   When a relator files a *qui tam* suit, the action is deemed to be brought "for the person and for the United States Government."   31 U.S.C. § 3730(b)(1).   "[W]hile the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States."   *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008).   Here, the United States declined to intervene and moved to dismiss the case.

The Third Circuit has held that held that an individual proceeding *pro se* may not represent third parties in federal court.   *See Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010); *see also* 28 U.S.C. § 1654 (1982) (providing that in federal court, "parties may plead and conduct their own cases personally or by counsel . . . . ").   Accordingly, a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government in the absence of any personal interest or injury to vindicate on account of CAC's alleged actions.   *See Downey v. United States*, 2020 WL 3119070, at *1 (3d Cir. June 11, 2020).   Chang alleged that the CAC "had applied for and received funding from the state and federal governments by misrepresenting certain material information."   *See Chang*

---

[3]   The writ of coram nobis was abolished in civil cases by Fed. R. Civ. P. 60(b).   *See* Fed. R. Civ. P. 60(e); *Green v. White*, 319 F.3d 560, 563 n.1 (3d Cir. 2003).

[4]   Husbands' first motion to join was stricken by the Court upon motion.   (*See* D.I. 62, 65, 68).

*v. Children's Advocacy Ctr. of Delaware*, 938 F.3d 384, 386 (3d Cir. 2019).   Chang, as a relator, however, may not proceed *pro se*.  *See Gunn v. Credit Suisse Group AG*, 610 F . App'x 155, (3d Cir. 2015).   He must be represented by counsel.   He is not and, therefore, lacks standing to prosecute this matter on behalf of the government.

Chang indicates that he seeks relief under Rule 60(b)(6).   (*See* D.I. 82).   Even were Chang allowed to proceed *pro se*, Rule 60(b) relief is not warranted.

## III.   <u>LEGAL STANDARDS</u>

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reserved or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).   A motion filed under Rule 60(b) must be made within a reasonable time and, for motions under Rule 60(b)(1), (2), and (3), must be filed no more than one year after entry of the judgment or order or the date of the proceeding.   *See* Fed. R. Civ. P. 60(c)(1).

## IV.     **DISCUSSION**

Chang moves the Court to refile a motion to vacate on the grounds that there is a "clear judicial conflict of interest which violates 28 U.S.C. § 455."   (D.I. 76, D.I. 82).   Chang contends that Judge Sleet's decade long tenure with Delaware's Criminal Justice Council constituted, not only the appearance of conflict but, an actual conflict of interest under the "extrajudicial source doctrine."   (D.I. 82 at 2).   The Delaware Criminal Justice Council is an independent body committed to leading the criminal justice system through a collaborative approach that calls upon the experience and creativity of the Council, all components of the criminal justice system and the community.   *See* https://cjc.delaware.gov/ (last visited July 27, 2020).   Chang also argues that Judge Sleet's orders enabled a breach of contract and legal malpractice by his counsel of record when his attorney left one law firm, moved to another law firm, and then moved to withdraw as counsel.   The motion to withdraw was denied, and Chang continued to be represented by counsel. Chang alleges that his attorney lost interest and failed to request a hearing on the governments' motions to dismiss.   Finally, Chang argues that an attorney representing the United States had a conflict of interest.

Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment."   *United States v. Witco Corp.*, 76 F. Supp. 2d 519, 527 (D. Del. 1999).   It is within the sound discretion of the trial court to grant or deny relief under this section.   *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).

The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."   *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur

cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935 n.1 (3d Cir. 2005).

In his motion, Chang alleges that Judge Sleet should have recused himself pursuant to 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to "a reasonable person, with knowledge of all the facts." *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007) (quoting *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003)). A recusal motion must be based on "objective facts," not mere "possibilities" and "unsubstantiated allegations." *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989).

The facts of this case are similar to one decided by the United States Supreme Court in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 850-51 (1988), in which the Supreme Court considered the issue of whether relief under Rule 60(b)(6) was appropriate where a party learned of a judge's potential conflict of interest almost a year after the Court of Appeals affirmed the District Court's judgment. The Supreme Court held relief under Rule 60(b)(6) was "neither categorically available nor categorically unavailable" for violations of subsection 455(a), and identified three factors for the Court to consider in determining whether 60(b)(6) relief is available: "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial

process." *Id.* at 864. Of note is "that [the] harmless error analysis can apply to violations of § 455(a)." *U.S. ex rel. Pritsker v. Sodexho, Inc.*, 493 F. App'x 309, 311-12 (3d Cir. 2012) (quoting *Shell Oil Co. v. United States*, 672 F.3d 1283, 1292 (Fed. Cir. 2012)).

Chang has not shown that Rule 60(b)(6) relief is appropriate.   Judges serve on numerous committees and councils and "a reasonable person, with knowledge of all the facts" would not question a judge's impartiality based upon that service.   Moreover, Chang's assertions of impartiality are speculative and not based upon objective facts.

In addition, any purported violation of § 455(a) was harmless because the United States Court of Appeals for the Third Circuit affirmed on appeal Judge Sleet's legal determination to grant Defendants' motions to dismiss on the merits.   See *U.S. ex rel. Pritsker v. Sodexho, Inc.*, 493 F. App'x at 312; *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 171 (3d Cir. 2004) (recognizing that harmless error applies to violations of § 455(a)); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1526 (11th Cir. 1988) (holding that "[it] would . . . be ridiculous to remand this case and reassign it to another judge after we have already exercised plenary review and have concluded that summary judgment was proper.").   Notably, one issue raised on appeal was whether the District Court erred when it granted the governments' motions to dismiss Chang's *qui tam* action without holding an in-person hearing, an issue Chang seeks to raise in a Rule 60 motion. The Appellate Court held it was not error.

Finally, Chang's position for relief rests upon the fact that Judge Sleet issued rulings adverse to Chang.   Adverse legal rulings, however, are not proof of prejudice and generally do not provide a basis for recusal.   *See Liteky v. United States*, 510 U.S. 540, 555 (1994).   Even assuming, arguendo, that Judge Sleet should have recused himself, nothing in the record suggests that harm resulted under the risk factors as set forth in *Liljeberg*.

## V.   <u>**CONCLUSION**</u>

Chang has not shown that he is entitled to relief under Rule 60(b)(6).   Because Rule 60(b)(6) is not appropriate, the Court will deny Chang's motion for leave to refile the motion to vacate.   (D.I. 76).   The Court will deny as moot Husbands' motion to join Chang's motion. (D.I. 81).

An appropriate Order will be entered.